IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES P. PRIDE**                                                                              **PLAINTIFF**

v.                                                                        Civil No. 1:22-cv-220-TBM-BWR

**JANET MEAUT, et al**                                                                     **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* following pro se Plaintiff Charles P. Pride's failure to timely serve process on Defendants Einice Hollingsworth and Janet Meaut and obey an Order of the Court. For the reasons that follow, the undersigned United States Magistrate Judge recommends dismissing Defendants Einice Hollingsworth and Janet Meaut without prejudice for failure to timely serve process in accordance with Federal Rule of Civil Procedure 4(m). The undersigned further recommends dismissing the claims against Defendants Einice Hollingsworth and Janet Meaut without prejudice under Federal Rule 41(b) for failure to obey an Order of the Court.

## I. BACKGROUND

Plaintiff Charles P. Pride ("Plaintiff") filed this suit on August 25, 2022, naming as Defendants Janet Meaut, Einice Hollingsworth, Evan Hubbard, Troy J. Peterson, Herman Cox, and John and Jane Does. Compl. [1]. On November 10, 2022, less than two weeks before the deadline to serve process, Plaintiff provided summonses to the Clerk of Court and requested the assistance of the United States Marshals Service in serving process. *See* Docket Entry [6].

1

The Court directed the United States Marshals Service to serve process on each Defendant in accordance with 28 U.S.C. § 1915(g). Order [5] at 2. The Marshals were unable to serve process on Defendants Hollingsworth, *see* Docket Entry [7], and Defendant Meaut, *see* Docket Entry [8], because the addresses Plaintiff provided for those Defendants were unable to be located.

On December 13, 2022, the Court entered an [16] Order directing Plaintiff to show cause in writing on or before January 13, 2023, for the failure to timely perfect service of process on Defendants Hollingsworth and Meaut and provide valid addresses for service of process on each Defendant. *Id.* at 1. The [16] Order was mailed to Plaintiff at his record address.

On January 6, 2023, Plaintiff signed a document titled "MOTION TO DISMISS INITIAL RESPONSE, TIME ENLARGEMENT, DISCOVERY and PROCEDURAL HEARING[S] MOTIONS," which the Clerk of Court filed on January 9, 2023. *See* Resp. [20]. The Court has liberally construed the document, as it must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), at least in part, as a [20] Response to the [16] Order to Show Cause. The Court liberally construed the remainder of the document as a separate [21] Motion to Dismiss Initial Response; Motion for Extension of Time;[1] Motion for Discovery; and Motion for Hearing.

---

[1] Pride seeks a 60-day extension "to discovery refile the complaint," 30 days "to file a discovery summary judge," and 30 days to file a "motion for [second] meaningful transparent summary judgment hearing . . . ." Mot. [21] at 4 [all sic in original]. To the extent Pride's request could be liberally construed as a request for additional time to serve process, such a request would be untimely.

2

## II. DISCUSSION

### A.   Failure to Timely Serve Process

Federal Rule of Civil Procedure 4(m) provides, in relevant part, that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . .

Fed. R. Civ. P. 4(m). A plaintiff's pro se status does not absolve him from Federal Rule 4(m)'s requirements. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.").

In this case, Plaintiff filed his [1] Complaint on August 25, 2022. Therefore, the deadline to serve process on Defendants Hollingsworth and Meaut was November 23, 2022 (August 25, 2022 + 90 days). Following the passage of the deadline to serve process, the Court ordered Plaintiff to provide valid addresses for service of process on Defendant Hollingsworth and Meaut on or before January 13, 2022. Order [16] at 1. Plaintiff did not. Outside of Defendants Hollingsworth and Meaut's names being included in the case style, Plaintiff's [20] Response does not mention either Defendant. Nor does it provide an updated address for either Defendant.

As the Court previously explained, while plaintiffs proceeding in forma pauperis may rely on the U.S. Marshals for service, plaintiffs are still required to

remedy service defects and effectuate service. *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) ("While . . . plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge."). Here, Plaintiff has failed to make any cognizable attempts to remedy the defects which rendered the Marshals unable to effectuate process. Because Plaintiff failed to timely perfect service of process within the initial 90-day period and failed to make any cognizable attempt to remedy the deficiencies which precluded the effectuation of service of process, within the time provided in the Court's [16] Order notifying Plaintiff of the defects, the undersigned must recommend that this action be dismissed without prejudice as to Defendants Hollingsworth and Meaut in accordance with Federal Rule 4(m).

**B.     Failure to Obey an Order of the Court**

The Court has the authority to dismiss an action for a plaintiff's failure to obey a Court order under Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Id*. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id*. at 629-30. As a general rule,

4

dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The undersigned finds a clear record of delay and contumacious conduct on the part of Plaintiff. More than four and a half months after Plaintiff filed his [1] Complaint, Defendants Hollingsworth and Meaut have not been served with process. Plaintiff has not provided corrected addresses for either Defendant. Nor does the docket indicate that Plaintiff has presented corrected summons for those Defendants to the Clerk of Court for issuance. Instead, it appears from the record that Plaintiff is no longer interested in pursuing his claims against Defendants Hollingsworth and Meaut. For those reasons, the Court finds that lesser sanctions than dismissal of those Defendants would not prompt diligent prosecution, but instead such efforts have proven futile. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal without prejudice based on plaintiff's failure to comply with a court order). Accordingly, the undersigned further recommends that the claims against Defendants Einice Hollingsworth and Janet Meaut be dismissed without prejudice under Federal Rule 41(b) for failure to obey an Order of the Court.

### III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends dismissing Defendants Einice Hollingsworth and Janet Meaut without prejudice for failure to timely serve process in accordance with Federal Rule of Civil Procedure 4(m). The undersigned further recommends dismissing the claims against Defendants Einice Hollingsworth and Janet Meaut without prejudice under Federal Rule 41(b) for failure to obey an Order of the Court.

### IV. NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L. U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on

appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 6th day of February 2023.

*s/* *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE