# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CHARLES P. PRIDE**                                                                         **PLAINTIFF**

**v.**                               **CIVIL ACTION NO. 1:22-cv-00220-TBM-BWR**

**EVAN HUBBARD, et al.**                                                     **DEFENDANTS**

## REPORT AND RECOMMENDATION

On August 25, 2022, Charles P. Pride (Pride), proceeding *pro se* and *in forma pauperis*, filed a Complaint [1] against Janet Meaut, Einice Hollingsworth, Evan Hubbard, Troy J. Peterson, and Herman Cox.[1] The basis for Pride's complaint is unclear, though he appears to bring several claims under 42 U.S.C. § 1983. Compl. [1]. On June 20, 2023, the Court set an Omnibus Hearing for July 10, 2023 in Gulfport, Mississippi to clarify the factual and legal basis for Pride's complaint. Order [23]. The Order [23] setting the Omnibus Hearing was mailed to Pride at his address listed on the docket, and it was not returned to the Court as undeliverable.

On July 10, 2023, the Court came to order an hour late in anticipation of Pride's arrival and only then announced Pride's case. Pride's name was called inside the courtroom three times without a response. Pride's name was then called in the hallway outside the courtroom three times, again without a response. Court security personnel confirmed that Pride had not passed through the security checkpoint at the courthouse to enter the building.

The Court has already ordered Pride to show cause for Pride's failure to timely

---

[1] The claims against Janet Meaut and Einice Hollingsworth have since been dismissed. Order [24].

1

perfect service of process and to provide valid addresses for service of process for Janet Meaut and Einice Hollingsworth. Order [16]. Pride's failure to do so resulted in the Court dismissing his claims against both parties. Order [24]. Then, in its Omnibus Hearing order, the Court cautioned Pride that the Court has the authority to dismiss his action for failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss Pride's action *sua sponte*. Order [23] at 2. Furthermore, the Court warned Pride that his failure to appear at the Omnibus Hearing would be contumacious conduct that would cause the Court to dismiss his case without prejudice. *Id*. Still, Pride failed to appear at the Omnibus Hearing. Based on Pride's failure to appear at the hearing, for which he received notice, and Pride's disregard of the Court's warnings, the undersigned finds that Pride no longer demonstrates interest in prosecuting his claims.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Charles P. Pride's Complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. An objecting party must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk

of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this 13th day of July, 2023.

*s/* *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE